UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20305-CR-BLOOM/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

CARLOS ALBERTO QUINCHIA-CARMONA,

      **Defendant.**
_____/

## STIPULATED FACTUAL BASIS FOR PLEA

Pursuant to Rule 11(b)(3), the following sets forth the factual basis for defendant Carlos Alberto Quinchia-Carmona's guilty plea to Count 1 of the indictment, which charges the defendant with conspiracy to distribute cocaine, knowing, intending, and having reasonable cause to believe it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963:

1. In or around February 2017, Lazaro Gil and others began to make plans to acquire a shipment of cocaine from South America which would be loaded onto a fishing boat and transported to Miami, Florida.

2. In February 2017, Gil acquired the fishing boat ALMA MATER, which he turned over to boat captain Jorge Castella to renovate and make suitable for transporting multi-hundred kilogram loads of cocaine. Castella fabricated a secret compartment in the boat capable of holding up to 650 kilograms of cocaine.

3. In 2018, Castella sailed the ALMA MATER to Grenada, where he awaited instructions for receiving the cocaine shipment. Gil traveled to the Dominican Republic, where he met a drug trafficker named Cristian Cabrera. Gil and Cabrera agreed to bring the ALMA MATER cocaine shipment to Puerto Rico, where Cabrera had a distribution network. Cabrera told Gil he could

sell the cocaine in Puerto Rico for $25,000 per kilogram.

4. Castella took the ALMA MATER from Grenada to offshore waters, where he met a boat from South America and received 580 kilograms of cocaine, which Castella stashed in the secret compartment aboard ALMA MATER. After being told to take the load to Puerto Rico, Castella ran the boat to a marina in St. Martin, then flew to Puerto Rico to see the location where he was to deliver the cocaine. After arriving in Puerto Rico, Castella met with Lazaro Gil and others, who took Castella to a waterfront house which had been rented for the offload of the cocaine. Castella noted the home's GPS coordinates and returned to St. Martin. He then ran the ALMA MATER from St. Martin to Puerto Rico and docked at the waterfront house, where the boat was met by the defendant and others and the cocaine was offloaded.

5. Before the cocaine was imported aboard the Alma Mater, Gil brought the defendant to the waterfront home, where the defendant and others repaired the dock and prepared the house for the arrival of the boat. The following day, the defendant was taken to a second, nearby house, which they prepared for the arrival of the cocaine. When the boat arrived, the cocaine was loaded into duffle bags and offloaded by Castella, Garrido and the defendant and moved into the waterfront house before being transferred by the defendant and others to the second stash house.

6. The defendant was paid approximately $70,000 in Miami, Florida by Lazaro Gil for his participation in the cocaine offload in Puerto Rico.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

7. On December 11, 2018, approximately 150 kilograms of cocaine were seized in luggage loaded aboard a private jet bound for New York from San Juan, Puerto Rico. The seizure included approximately 80 kilograms of cocaine which had been imported by the defendants aboard the ALMA MATER.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 12/7/2021     By: _____
RICHARD E. GETCHELL
ASSISTANT U.S. ATTORNEY

Date: 12/7/21      By: _____
D'ARSEY HOULIHAN, AFPD
ATTORNEY FOR DEFENDANT

Date: 12-07-21     By: _____
CARLOS ALBERTO QUINCHIA-CARMONA
DEFENDANT

3