UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20305-CR-BLOOM/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

WILLIAM ANTONIO COLUMNA SEVERINO,

Defendant.
_____/

## STIPULATED FACTUAL BASIS FOR PLEA

Pursuant to Rule 11(b)(3), the following sets forth the factual basis for defendant WILLIAM ANTONIO COLUMNA SEVERINO's guilty plea to Count 1 of the indictment, which charges the defendant with conspiracy to distribute cocaine, knowing, intending, and having reasonable cause to believe it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963:

1. In or around February 2017, Lazaro Gil and others began to make plans to acquire a shipment of cocaine from South America which would be loaded onto a fishing boat and transported to Miami, Florida.



2. In February 2017, Gil acquired the fishing boat ALMA MATER, which he turned over to boat captain Jorge Castella to renovate and make suitable for transporting multi-hundred kilogram loads of cocaine. Castella fabricated a secret compartment in the boat capable of holding up to 650 kilograms of cocaine.

3. In 2018, Castella sailed the ALMA MATER to Grenada, where he awaited instructions for receiving the cocaine shipment. Gil traveled to the Dominican Republic, where he met a drug trafficker named Cristian Cabrera. Gil and Cabrera agreed to bring the ALMA MATER cocaine shipment to Puerto Rico, where Cabrera had a distribution network. Cabrera told Gil he could

sell the cocaine in Puerto Rico for $25,000 per kilogram.

4. Castella took the ALMA MATER from Grenada to offshore waters, where he met a boat from South America and received 580 kilograms of cocaine, which Castella stashed in the secret compartment aboard ALMA MATER. After being told that the load would be taken to Puerto Rico, Castella ran the boat to a marina in St. Marten, then flew to Puerto Rico to see the location where he was supposed to bring the cocaine. After arriving in Puerto Rico, Castella met Gil, Carlos Alberto Quinchia-Carmona and the defendant, who was called "Willy Aire," since he owned an air conditioning business. Together, the men visited a waterfront house which had been rented for the offload of the cocaine. Castella noted the home's GPS coordinates and returned to St. Martin. He then ran the ALMA MATER from St. Martin to Puerto Rico and docked at the waterfront house, where the cocaine was offloaded.



5. The cocaine was offloaded from the boat and moved to a nearby stash house. The following day, the defendant returned and moved the entire shipment to another location. The cocaine was then divided into three parts for distribution. The defendant retained 200 kilograms for Cabrera and 200 kilograms for Gil, while the rest was given to a third party. Some of the cocaine was shipped to New York and New Jersey for further distribution.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

6.      On December 11, 2018, approximately 150 kilograms of cocaine were seized in luggage loaded aboard a private jet bound for New York from San Juan, Puerto Rico. The seizure included approximately 80 kilograms of cocaine which had been imported by the defendants aboard the ALMA MATER.

|  |  |
|---|---|
|  | JUAN ANTONIO GONZALEZ<br>UNITED STATES ATTORNEY |
| Date: 12/7/2021 | By: _____<br>RICHARD E. GETCHELL<br>ASSISTANT U.S. ATTORNEY |
| Date: December 7, 2021 | By: _____<br>JASON GONZALEZ-DELGADO, ESQ.<br>ATTORNEY FOR DEFENDANT |
| Date: 12/7/2021 | By: _____<br>WILLIAM ANTONIO COLUMNA SEVERINO<br>DEFENDANT |